Upon the Petition of Francis E. HETHCOTE, Petitioner–Appellant,

v.

and Concerning M. Marie Hethcote, Respondent–Appellee.

No. 86–1660.

Court of Appeals of Iowa.

Nov. 30, 1987.

Martin L. Fisher, of Fisher, Fisher & Fisher, Adair, for petitioner-appellant.

Ronald D. Bonnett, of Wilson, Bonnett & Christensen, Lenox, for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

In this case we address the equities of the financial provisions made on the dissolution of a short-term marriage.

Francis and Marie were married, he for the second time and she for the third time, on July 6, 1985. The parties were separated six months later. The dissolution decree from which appeal is taken is dated October 17, 1986. Francis was sixty-three at the time of trial; Marie was fifty-nine.

The trial court decree required Francis to pay $500 per month for eighteen months, a $2,000 settlement, $1,000 attorney fees, and $294.60 court costs. Francis appeals contending the award is excessive.

Our review is de novo. Iowa R.App. P. 4.

At the time of marriage Marie had $20,000 in CDs and some personal effects. Francis at the time of marriage had a net worth of over $100,000. Francis was employed at an annual salary of in excess of $32,000. He was nearing retirement and because he had been employed outside the home during his adult life he had accrued substantial social security and pension benefits.

At the time of dissolution the parties were each basically in the same financial position they had enjoyed at the time of marriage except Marie was no longer living in subsidized housing and also claimed she had lost an alleged $400 a month payment from her second husband. The trial court found the nature of the alleged payment was not clear. The payments were not provided for in Marie's dissolution decree. She had not reported them for income tax purposes nor had they been reported on her subsidized housing application. We agree with these findings and determine she was not receiving the claimed $400 a month.

■ The situation is, however, Francis entered the marriage with greater financial resources and has an excellent salary. Marie entered the marriage with fewer financial resources and no salary. Marie leaves the marriage at an economic disadvantage. Marie does not have the economic security Francis does, nor did she have the economic security he had at the time they were married. *See In re Marriage of Luebbert*, 400 N.W.2d 80, 82 (Iowa App.1986). Marie did not contribute to the accumulation of property by her husband. The marriage put an emotional strain on Francis and Marie. The parties both made a bad decision. However, fault is not a consideration in assessing alimony. *Id.* at 83.

We look to the financial loss the parties claim to have suffered because of the marriage. *Nelson v. Nelson*, 246 Iowa 760, 769–70, 68 N.W.2d 746, 752 (1955) (court considered wife's loss of pension benefits in assessing alimony award made in short-term marriage). Francis contends he spent over $4,000 on his house which he would not have spent were it not for the marriage, that he fully supported Marie during the marriage, that she spent $1,500 unaccounted for cash from their joint checking account, and $320 to finance her Amway business. He claims Marie destroyed some personal checks. Marie has health problems, but other than stress surrounding the dissolution, the problems predate the marriage. Francis also claims dissolution-related stress. Francis has a net worth of $135,000. Marie has a net worth of about $25,000.

The trial court made certain findings which we do not disturb on appeal and awarded Marie $2,000 for property she claims to have left behind. Francis contends Marie did not make $2,000 in financial contribution to the household.

■ The two factors present are Francis' superior financial position and Marie's desire to improve her financial position. Marie leaves the marriage in the same or better condition than she entered. She has had support and health insurance for fifteen months, even though the time together was only six months. The temporary support has allowed her to relocate.

We agree with Francis that the alimony award is inequitable. We modify the decree to strike it.

AFFIRMED AS MODIFIED.